## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY MARTIN,

        Petitioner,

                                       Case No. 95-81165

v.

                                       Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO
## CORRECT CLERICAL ERROR IN PRESENTENCE REPORT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ May 6, 2014 _____

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

Following a 1999 trial in which a jury found him guilty on all charges, Petitioner

Larry Martin was sentenced in January of 2000 to 293 months of imprisonment for his

role in a conspiracy to distribute marijuana, as well as a concurrent term of 240 months of

imprisonment for conspiring to launder monetary instruments and laundering monetary

instruments.[1]  On direct appeal, the Sixth Circuit affirmed Petitioner's conviction and

sentence.  *See United States v. Martin,* Nos. 99-2173 & 00-1066, 2001 WL 1631410 (6th

Cir. Dec. 18, 2001).  Through the present motion, Petitioner seeks to invoke Fed. R.

---

[1]The Court dismissed a count in the indictment charging Petitioner with engaging in a continuing criminal enterprise, in light of the Supreme Court's then-recent ruling in *Richardson v. United States,* 526 U.S. 813, 119 S. Ct. 1707 (1999).

Crim. P. 36 in order to correct a purported "clerical error" in his presentence investigation report ("PSIR"), contending that this alleged error has adversely impacted his custody classification level as determined by the federal Bureau of Prisons ("BOP").

Under Rule 36, this Court is authorized "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or [to] correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. As the Sixth Circuit has explained, a "clerical error" within the meaning of Rule 36 "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Coleman,* No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (internal quotation marks and citation omitted). "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004).

Petitioner's present motion rests on the premise that the PSIR prepared by a probation officer in advance of his sentence includes a "clerical error" that is eligible for correction under Rule 36. Specifically, Petitioner seeks to correct "the probation officer's erroneous citation of Title 21 USC § 841(b)(1)(A) in the PS[I]R as the criminal drug statute under which Petitioner was charged, tried and convicted." (Petitioner's Motion at 2.) In fact, Petitioner submits that he actually was charged with and convicted of violating 21 U.S.C. §§ 846 and 841(b)(1)(D) — *i.e.,* conspiring to distribute an indeterminate quantity of marijuana. According to Petitioner, this purported mistake has

2

led the BOP to overstate the severity of the drug conspiracy offense of which he was
convicted, and has thereby foreclosed a downward adjustment in Petitioner's custody
classification level that would permit his transfer to a minimum security facility.

The Court, however, is unable to discern any "clerical error" in Petitioner's PSIR
that would warrant relief under Rule 36.  As a threshold matter, the PSIR is devoid of any
reference whatsoever to ***any*** subsection of 21 U.S.C. § 841(b)(1), whether (A), (D), or
otherwise.  Rather, in the portions of the PSIR referring to the statutes that governed
Petitioner's sentence, the probation officer cited either (i) 21 U.S.C. § 846, the statute
criminalizing drug conspiracies, (*see* PSIR at ¶ 97), or (ii) 21 U.S.C. § 841, without any
reference to a particular subsection of this statute, (*see* PSIR at ¶¶ 103, 111).[2]  Plainly, the
Court cannot order the correction of an "error" that does not even exist.

To be sure, in opining that Petitioner's drug conspiracy offense was subject to a
statutory sentencing range of 10 years to life imprisonment, (*see* PSIR at ¶ 97), the
probation officer presumably relied on § 841(b)(1)(A), which mandates this 10-years-to-
life sentencing range for drug offenses involving over one thousand kilograms of
marijuana.  *See* 21 U.S.C. § 841(b)(1)(A).  Likewise, the Court necessarily must have
looked to § 841(b)(1)(A) in sentencing Petitioner to 293 months of imprisonment for his
drug conspiracy offense, as this prison term exceeded the 5-year statutory maximum that

---

[2]Likewise, the underlying judgment cites only the drug conspiracy statute, 21 U.S.C. §
846, and not § 841 (much less any subsection of this latter statute).  (*See* 1/10/2000 Judgment at
2.)

3

would apply to drug offenses involving an indeterminate quantity of marijuana. *See* 21 U.S.C. § 841(b)(1)(D). It is further true that on direct appeal, the Sixth Circuit found that this reliance on the ten-years-to-life statutory sentencing range of § 841(b)(1)(A) was erroneous in light of the Supreme Court's then-recent decision in *Apprendi v. United States,* 530 U.S. 466, 120 S. Ct. 2348 (2000),[3] but that Petitioner could not satisfy the plain error standard because "[a]bsent the error, [Petitioner's] sentence[] would have been the same as that which was imposed." *Martin,* 2001 WL 1631410, at *2.[4]

Nonetheless, this violation of *Apprendi* — albeit a violation adjudged by both the Sixth Circuit and this Court as non-prejudicial to Petitioner — is not amenable to "correction" through the authority granted under Rule 36. As noted earlier, this Rule does not permit the correction of "mistakes . . . by the court." *Robinson,* 368 F.3d at 656; *see also Coleman,* 2000 WL 1182460, at *2 (explaining that an error "made by the court itself" is "not subject to correction under Criminal Rule 36" (internal quotation marks and citation omitted)). Moreover, because the PSIR accurately reflects the law as it stood at

---

[3]*Apprendi* was issued after Petitioner was sentenced in January of 2000, but before the Sixth Circuit decided Petitioner's direct appeal in December of 2001.

[4]Petitioner later raised a variant of this *Apprendi* challenge in a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence, arguing that his trial counsel provided ineffective assistance by failing to anticipate the *Apprendi* decision and advance an appropriate challenge at Petitioner's sentencing hearing in light of the Supreme Court's earlier ruling in *Jones v. United States,* 526 U.S. 227, 119 S. Ct. 1215 (1999). The Magistrate Judge rejected this argument, (*see* 5/14/2007 Report and Recommendation at 11-12), and the Court adopted the Magistrate Judge's ruling on this point, explaining that "this Court would have overruled any such [*Jones/Apprendi*] objection under the law as it existed at sentencing, and the Sixth Circuit would have affirmed Petitioner's sentence — precisely as it in fact did — notwithstanding the intervening decision in *Apprendi,*" (3/27/2008 Opinion and Order at 3).

4

the time of Petitioner's sentencing — and, therefore, serves as an accurate statement of the grounds upon which the Court determined Petitioner's 293-month sentence — there is no "error" (clerical or otherwise) in the PSIR that is subject to correction under Rule 36.

At bottom, Petitioner's motion appears to rest upon a complaint that the BOP has interpreted the record of his conviction and sentence in a manner that renders him ineligible for a downward adjustment in his custody classification. Yet, "the BOP has been granted full and broad discretion to classify prisoners," and this Court "has no authority to direct the BOP in classification of its prisoners at the request of an inmate." *United States v. Sake,* No. 1:03-CR-201-01, 2007 WL 1594683, at *1 (W.D. Mich. June 1, 2007). In addition, "[a]n inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under [28 U.S.C.] § 2241." *Coleman,* 2000 WL 1182460, at *2; *see also United States v. Grant,* No. 1:97-CR-42-01, 2006 WL 1417850, at *1 (W.D. Mich. May 19, 2006) (rejecting a request to amend a sentence so that the BOP would properly grant the defendant credit for time served in state custody, and explaining that any such relief must be sought under § 2241).[5] Accordingly, Petitioner cannot appeal to Rule 36 as a basis for compelling the BOP to revisit his custody classification level, nor has he identified any "clerical error" in the PSIR (or elsewhere in the record in this case) that would, if corrected, assist him in

---

[5]Notably, even if Petitioner's present motion could be construed as seeking relief under § 2241, any such petition would have to be brought in the district in which Petitioner is presently incarcerated. *See Martin v. Perez,* 319 F.3d 799, 802-03 (6th Cir. 2003); *Grant,* 2006 WL 1417850, at *1 n.2.

achieving this result.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's August 8,

2011 motion for correction of clerical error (docket #413) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on May 6, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135